IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PARK 80 HOTELS, LLC; PL HOTELS, LLC; MAYUR PATEL; JSK EXTON LLC; JAY Z. KUBER HOSPITALITY, INC.; PARMATTMA CORPORATION; SYNERGY HOTELS, LLC; and PH LODGING TOMBALL, LLC; *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> HOLIDAY HOSPITALITY FRANCHISING, LLC; SIX CONTINENTS HOTELS, INC. *d/b/a* INTERCONTINENTAL HOTELS GROUP; and IHG TECHNOLOGY SOLUTIONS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 1:22-cv-03709-LMM |

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint [44]. After due consideration, the Court enters the following Order.

**I.     BACKGROUND**

This is a putative class action about a third-party cyberattack. Plaintiffs are a group of franchisees who own and operate hotels in Defendants' brands, suing

on behalf of themselves and others similarly situated. Defendants are related companies under InterContinental Hotels Group ("IHG"), which operates thousands of hotels across various brands, such as Holiday Inn and Staybridge Suites.

In September 2022, a third-party hacker infiltrated Defendants' systems and disabled their online reservation platform for over three weeks. Dkt. No. [43] ¶ 99. During that time, customers could not make reservations through the affected hotels' websites or through third-party sites like Expedia or Booking.com. Id. ¶¶ 120, 129. Plaintiffs claim that they lost significant revenue and employee time because of the disruption. Id. ¶¶ 17, 19. Plaintiffs further claim that the cyberattack resulted directly from Defendants' lax security practices and that the attack was foreseeable because Defendants had experienced another hack in 2017.

More specifically, Plaintiffs allege that Defendants breached two contracts. First, Plaintiffs claim that Defendants breached the Master Technology Services Agreement ("MTSA") that Plaintiffs signed with Defendant IHG Technology Solutions, LLC ("IHG Tech"). The MTSA provides Plaintiffs with a limited right to access Defendants' technology systems, called IHG Concerto™ ("Concerto"), which include a centralized online reservation system ("Reservation System"). Id. ¶¶ 90–91, 217. Second, Plaintiffs claim that Defendants breached the Franchise License Agreement ("License Agreement") that Plaintiffs signed with Defendant Holiday Hospitality Franchising, LLC ("HHF"). The License Agreement requires

Plaintiffs to use Concerto and IHG Tech infrastructure in exchange for monthly fees. Id. ¶¶ 162–63, 200. Plaintiffs allege that Defendants Six Continents Hotels, Inc. ("SCH") and IHG are direct beneficiaries of both agreements.

Plaintiffs bring eight counts in total, alleging breaches of the MTSA and License Agreement, violations of the Georgia Uniform Deceptive Trade Practices Act, negligence and negligence *per se*, and unjust enrichment. Plaintiffs also request attorney's fees and declaratory and injunctive relief. Defendants move to dismiss all counts. Dkt. No. [44].

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads factual content necessary for a court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). But this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendants move to dismiss all counts for failure to state a claim. Dkt. No. [44-1]. Plaintiffs bring eight counts: (1) breach of contract for the License Agreement against Defendant HHF, (2) breach of contract for the MTSA against Defendants SCH and IHG Tech, (3) violations of the Georgia Uniform Deceptive Trade Practices Act, (4) negligence, (5) negligence *per se*, (6) recovery of litigation expenses, (7) declaratory and injunctive relief, and (8) unjust enrichment. The Court finds that Plaintiffs have failed to state a claim in each count and addresses these issues in turn.

### A. Breach of Contract

In Count I, Plaintiffs allege that Defendant HHF breached its License Agreement obligations because it did not provide Plaintiffs access to the Reservation System during the hack. Dkt. No. [43] ¶¶ 197–209. Similarly, in Count II, Plaintiffs allege that Defendants SCH and IHG Tech breached their MTSA obligations because they failed to use adequate security measures, resulting in the attack that rendered Plaintiffs unable to access the Reservation

4

System. Id. ¶¶ 210–27. Defendants move to dismiss both counts, asserting that the MTSA alone controls both claims. Dkt. No. [44-1] at 10. Defendants argue that (1) there is no breach because Defendants had the right to deny Plaintiffs access to the Reservation System and that (2) the MTSA expressly disclaims Defendants' liability. Id. at 10–13. The Court finds that the MTSA waiver bars both counts, so it does not consider the parties' other breach of contract arguments.

The MTSA and the License Agreement are both part of the Franchise Disclosure Documents ("FDDs") that Plaintiffs signed when they became franchisees. Dkt. No. [43] ¶¶ 71–72. Defendants contend that because these contracts were part of the same transaction, they must be read together. Dkt. No. [44-1] at 10. "Under Georgia rules of contract construction, where multiple documents are executed at the same time in the course of a single transaction, they should be construed together." Martinez v. DaVita, Inc., 598 S.E.2d 334, 337 (Ga. Ct. App. 2004); Tims v. LGE Cmty. Credit Union, 935 F.3d 1228, 1238 n.5 (11th Cir. 2019) (applying Georgia law). Plaintiffs do not challenge this assertion, and their Complaint supports Defendants' contention that the contracts were executed in the same transaction. See Dkt. No. [43] ¶¶ 71–72 (describing the FDDs). Accordingly, the Court considers the MTSA and the License Agreement together.

Although different Defendants signed the two contracts, the MTSA explicitly incorporates the License Agreement and controls in the event of a

conflict. Dkt. No. [18-1] at 201–02; Dkt. No. [43] ¶ 66. At issue here are the contracts' conflicting waiver provisions. The License Agreement waiver provides that Plaintiffs cannot recover punitive, consequential, or other damages; Plaintiffs are limited to actual damages. Dkt. No. [18-1] at 165. The MTSA waiver is much broader. MTSA Section 11.2 provides,

> IHG Tech shall not be liable for any loss, cost, expense (including attorney fees), liability, damage, or claim . . . (a) related to or arising from the Curated Solutions; or (b) for the selection, quality, condition, merchantability, suitability, fitness, operation, installation, repair, adjustment, or performance of the Curated Solutions . . . or for any interruption or loss of service or use of network connectivity or the Software. Such liability, if and to the extent it may exist, rests solely with the applicable Service Provider of the Curated Solution to IHG Tech and the Hotel.

Id. at 211. MTSA Section 11.1 also provides that IHG Tech shall not be liable for indirect, special, consequential, or exemplary damages, including lost business and lost profits. Id. In short, the MTSA disclaims all liability relating to the Curated Solutions. The Reservation System is indisputably part of the Curated Solutions. Id. at 214, 217.

Defendants argue that MTSA Section 11.2 bars Plaintiffs' breach of contract claims because they both concern Plaintiffs' loss of access to the Reservation System. The License Agreement and the MTSA separately impose obligations on Defendants HHF and IHG Tech to provide Plaintiffs with access to the Reservation System, but Defendants assert that HHF effects its role through IHG Tech, bringing both claims into the MTSA waiver's scope. Dkt. No. [44-1] at 10. Plaintiffs do not respond to this argument, leaving it uncontested. Instead,

Plaintiffs simply state that the waiver provisions "do not even come into play" without analysis. Dkt. No. [45] at 19.

Plaintiffs contend that "assuming, *arguendo*, that [MTSA] § 11.2 is applicable to HHF, there is no specific limitation or waiver as to direct damages such as Plaintiffs' claim for benefit of the bargain damages." Id. at 17–18. Plaintiffs do not explain why the waiver would not apply to those damages,[1] and the plain language of the contract contradicts that assertion: "IHG Tech shall not be liable for *any* loss, . . . liability, damage, or claim . . . related to or arising from the Curated Solutions." Dkt. No. [18-1] at 211. Because IHG Tech has disclaimed all liability related to the Reservation System, the waiver's language encompasses Plaintiffs' benefit of the bargain damages. See In re Takata Airbag Prod. Liab. Litig., No. 1:14-cv-24009, 2022 WL 17546365, at *2 (S.D. Fla. Nov. 10, 2022) ("[T]he benefit-of-the-bargain theory is 'traditionally the core concern of contract law.'" (quoting E. River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 870 (1986))). Plaintiffs have failed to show that Section 11.2 is inapplicable.

In their breach of contract arguments, Plaintiffs also reiterate that Defendants failed to use reasonable security measures and thus failed to provide Plaintiffs access to the Reservation System, despite Plaintiffs paying them

---

[1] Plaintiffs only point to three non-binding, unreported cases that do not rely on Georgia law. See Omegra Shipping PTE LTD of Sing. v. World Fuel Servs. (Sing.) PTE LTD, No. 22-20531, 2023 WL 10370254 (S.D. Fla. Feb. 6, 2023); Loc. Access, LLC v. Peerless Network, Inc., No. 6:14-cv-399, 2016 WL 5373326 (M.D. Fla. Sept. 26, 2016); In re: Yahoo! Inc. Customer Data Sec. Breach Litig., No. 16-MD-02752, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017).

monthly access fees. Dkt. No. [45] at 19. But again, the MTSA waiver clearly states that IHG Tech is not liable for lost business damages, for any costs relating to the Curated Solutions, or "for any interruption or loss of service or use of network connectivity or the Software." Dkt. No. [18-1] at 211. Thus, Plaintiffs have waived their right to recover damages relating to Defendants' online systems.

Put simply, Plaintiffs only seek damages related to the Reservation System, and the MTSA waiver clearly states that Plaintiffs cannot recover those damages. See Dkt. No. [43] ¶¶ 156–75. In their Response to Defendant's Motion, Plaintiffs leave several arguments unopposed and fail to explain why the MTSA waiver would not apply to their breach of contract claims. Thus, based on the MTSA's plain language, the Court finds that Plaintiffs cannot recover from Defendants HHF and IHG Tech on their breach of contract claims.

Separately, Defendants argue that Plaintiffs cannot sue SCH for breach of the MTSA because SCH is not a party to that contract.[2] Dkt. No. [44-1] at 13–14. In response, Plaintiffs state in a footnote that Defendant SCH was a party to Master Technology Agreements ("MTAs") with Plaintiffs prior to 2020. Dkt. No. [45] at 14 n.5. Based on this argument, Plaintiffs seem to have intended to plead a

---

[2] Plaintiffs do not respond to this argument. In Plaintiffs' Complaint, however, they allege that Defendant SCH breached the MTSA "as the sole member of IHG Tech" and that SCH is a "direct beneficiary" to IHG Tech's contracts with Plaintiffs. Id. ¶¶ 3, 69, 223. The Court is doubtful that these bare allegations are sufficient to hold Defendant SCH liable for breaching the MTSA. Regardless, as discussed above, Plaintiffs waived their right to recover damages under that agreement.

8

breach of contract claim against Defendant SCH for the MTAs within Count II, despite titling Count II "Breach of Master Technology Service Agreements." Dkt. No. [43] at 54–55. In Count II, Plaintiffs allege (1) that they had limited rights of access to and use of the Reservation System in the MTAs and (2) that Defendant SCH acknowledged the importance of network security in the MTAs but failed to ensure adequate security measures. Id. ¶¶ 217, 224, 226. Despite these broad claims, Plaintiffs do not point to any MTA provisions that SCH may have breached, and Plaintiffs do not cite any MTA language, focusing exclusively on MTSA provisions instead. The Court already warned Plaintiffs to plead their breach of contract claims with enough specificity to discern which contractual provisions Defendants breached. Dkt. No. [41]. Without more, these broad allegations are not sufficient to state a claim against Defendant SCH for breaching the MTAs. Therefore, Plaintiffs have failed to state a claim for breach of contract. Counts I and II are **DISMISSED**.

### B. Negligence & Negligence *Per Se*

Next, Plaintiffs allege negligence and negligence *per se* claims against all Defendants. Dkt. No. [43] ¶¶ 237–53. Plaintiffs claim that Defendants failed to exercise reasonable care to safeguard their online platforms from foreseeable cyberattacks. Defendants move to dismiss, arguing that the economic loss rule

bars Plaintiffs' tort claims.³ Dkt. No. [44-1] at 15–19. The Court agrees with Defendants.

Georgia's economic loss rule "provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort." Gen. Elec. Co. v. Lowe's Home Ctrs., Inc., 608 S.E.2d 636, 637 (Ga. 2005). The exception to this rule is called the independent duty exception: the economic loss rule "does not bar recovery of purely economic losses in tort actions where the defendant breaches a duty imposed by law or arising from a special relationship." Murray v. ILG Techs., LLC, 378 F. Supp. 3d 1227, 1243 (S.D. Ga. 2019); see also Hanover Ins. Co. v. Hermosa Constr. Grp., LLC, 57 F. Supp. 3d 1389, 1396 (N.D. Ga. 2014). A legal duty may arise from common law or statutory law and must be a duty that would have existed absent the underlying contract. Hanover, 57 F. Supp. 3d at 1396. Here, the Court first considers the common law before turning potential statutory duties. Neither party argues that a special relationship applies.

### 1. *Common Law Duty*

First, Defendants assert that they do not owe Plaintiffs a common law duty to protect them from a business disruption caused by a cyberattack. Dkt. No. [44-1] at 16. Plaintiffs focus their response on the potential loss of consumer data.

---

³ Defendants also briefly argue that MTSA Section 11.2 bars Plaintiffs' negligence claim because Plaintiffs have not alleged gross negligence or willful or wanton conduct. Dkt. No. [44-1] at 21. Plaintiffs respond that Defendants' conduct plausibly rises to the level of gross negligence, making the waiver inapplicable. Dkt. No. [45] at 26–27. The Court need not decide this issue because it finds that the economic loss rule independently bars Plaintiffs' tort claims.

Dkt. No. [45] at 19–21. Because Plaintiffs are franchisees—rather than consumers whose personal information was at risk—the Court finds that Defendants did not owe them a common law duty to protect against cyberattacks.

Plaintiffs point to three cases from this District in which courts found that defendants owed third-party financial institutions a duty to safeguard consumer information from data breaches. Id. Plaintiffs cite In re: The Home Depot, Inc., Customer Data Security Breach Litigation, 1:14-md-2583-TWT, 2016 WL 2897520 (N.D. Ga. May 18, 2016); In re Arby's Restaurant Group Inc. Litigation, 1:17-cv-1035-AT, 2018 WL 2128441 (N.D. Ga. Mar. 5, 2018); and In re Equifax, Inc., Customer Data Security Breach Litigation, 371 F. Supp. 3d 1150 (N.D. Ga. 2019). According to Plaintiffs, those cases show that Defendants owe Plaintiffs a duty to take reasonable measures to safeguard their networks. But Plaintiffs ignore two facts.

First, those courts applied the independent duty exception because of risks to consumers' personal information, rather than risks of business interruptions from cyberattacks.[4] Here, Plaintiffs do not allege that Defendants negligently safeguarded *their* personal information; Plaintiffs allege only that they suffered

---

[4] See Home Depot, 2016 WL 2897520, at *4 ("To hold that no such duty existed would . . . leav[e] *consumers* with no recourse to recover damages." (emphasis added)); Arby's, 2018 WL 2128441, at *7 ("[T]he Court rejects Arby's argument that it owed no common law duty to Plaintiffs to protect their *personal credit card data* from third party hacking." (emphasis added)); Equifax, 371 F. Supp. 3d at 1172–73 ("Defendants owed the Plaintiffs a duty of care to take reasonable measures to safeguard their *payment card data*." (emphasis added)).

financial harms from their lack of access to the Reservation System. Thus, the Court is not persuaded by comparisons to those cases.

Second, each of those cases was decided before the Georgia Supreme Court decided Department of Labor v. McConnell, 828 S.E.2d 352 (Ga. 2019). In McConnell, the Georgia Supreme Court determined that there is no common law "duty to all the world not to subject others to an unreasonable risk of harm." 828 S.E.2d at 358 (cleaned up). The exact contours of common law duties under Georgia law are unclear, but as Plaintiffs note, "mere foreseeability" of harm is not sufficient to create a duty of care. In re Equifax Fair Credit Reporting Act Litig., 1:22-cv-03072-LMM, 2023 WL 6192732, at *7 (N.D. Ga. Sept. 11, 2023); Dkt. No. [45] at 20–21. Yet, Plaintiffs' only argument in support of a common law duty is that the 2022 incident was foreseeable because of prior incidents.[5] Dkt. No. [45] at 21, 23–24. Because foreseeability alone is not enough, the Court finds that Plaintiffs have failed to adequately plead a common law duty.

Additionally, Plaintiffs argue that "Defendants owed an independent common law duty to safeguard the data housed on IHG Concerto and to protect the systems themselves from cyberattacks that proximately caused Plaintiffs' harm and ensuing damages." Id. at 21. There are two problems with this

---

[5] Plaintiffs also cite Ramirez v. Paradies Shops, LLC, 69 F.4th 1213 (11th Cir. 2023) to support their duty argument. Dkt. No. [45] at 10 n.4, 23, 25. There, however, the Eleventh Circuit determined that the defendant owed "a duty of care to those with whom it has a[] special relationship." Ramirez, 69 F.4th at 1220. The employee-employer relationship there was central to the court's decision, and Plaintiffs have not alleged a special relationship here. Id.

purported duty. First, Plaintiffs cannot sustain a claim based on the data housed on Concerto because they do not allege any harms relating to loss of such data. And second, Plaintiffs acknowledge that they have only a limited right of access to the Defendants' systems, as provided in the parties' contracts. Dkt. No. [43] ¶ 217. Thus, unlike the cases Plaintiffs discuss, there is no harm related to consumers' personal information; instead, there is solely a contractual duty for Defendants to provide Plaintiffs a limited right of access to the Reservation System and other online platforms.

Put another way, without the parties' contracts, Plaintiffs would not have any access to Defendants' online systems. Because all of Plaintiffs' injuries relate to their loss of access to the Reservation System, Defendants' duties are purely contractual. Plaintiffs have thus failed to show an exception to the economic loss rule here.

### 2. *Statutory Duty*

Next, Defendants contend that statutory law also does not impose an independent duty on them. Plaintiffs bring a negligence *per se* claim, alleging that Defendants violated Federal Trade Commission Act ("FTC Act") Section 5. "In Georgia, negligence per se arises when a defendant violates a statute or ordinance, satisfying, as a matter of law, the first two elements of a negligence claim." Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) (citing Hubbard v. Dep't of Transp., 568 S.E.2d 559, 566 (Ga. Ct. App. 2002)). Additionally, a negligence *per se* plaintiff must show that it is "within the class of

persons the statute was intended to protect" and that "the harm complained of was the harm the statute was intended to guard against." Murphy v. Bajjani, 647 S.E.2d 54, 58 (Ga. 2007). The Court finds that Plaintiffs have failed to state a negligence *per se* claim here.

FTC Act Section 5 prohibits unfair or deceptive practices affecting commerce. 15 U.S.C. § 45. Plaintiffs argue that Defendants' failure to use reasonable data security measures to safeguard confidential information is an unfair practice under Section 5. Dkt. No. [45] at 28 (citing FTC v. Wyndham Worldwide Corp., 799 F.3d 236, 240 (3d Cir. 2015)). Plaintiffs insist that Defendants owed Plaintiffs a duty because, as a well-known hospitality brand entrusted with consumers' private information, Defendants knew they could be targeted for data breaches. Id. at 24–25.

Even assuming that Section 5 does impose a duty on Defendants to protect consumers' information, Defendants would not owe *Plaintiffs* such a duty here. As discussed above, Plaintiffs cannot hinge Defendants' duty on a right to safeguard consumers' personal information because the only harm that Plaintiffs allege relates to their lack of access to Defendants' online systems—not a loss of personal information. Defendants' duties to Plaintiffs derive exclusively from the parties' contracts.

Thus, Plaintiffs have failed to show that Defendants owe their franchisees an extracontractual duty to safeguard online systems, so there is no statutory exception to the economic loss rule here. The economic loss rule bars both of

Plaintiffs' tort claims. Plaintiffs' negligence (Count IV) and negligence *per se* (Count V) claims are **DISMISSED**.

### C. Violations of Georgia Uniform Deceptive Trade Practices Act

Next, in Count III, Plaintiffs claim that Defendants violated the Georgia Uniform Deceptive Trade Practices Act ("UDTPA") by engaging in deceptive trade practices, such as knowingly maintaining insufficient data security systems and hiding the fact that they had insufficient security systems. Dkt. No. [43] ¶¶ 228–36. Under the UDTPA, "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable." O.C.G.A. § 10-1-373(a). The "principles of equity" relevant to the UDTPA include the four typical elements for injunctive relief: a plaintiff must allege (1) that it has suffered an irreparable injury, (2) "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury," (3) that the balance of hardships between the parties warrants an equitable remedy, and (4) that an injunction would not disserve the public interest. Infinity Transp. III LLC v. XPO Intermodal, Inc., 304 F. Supp. 3d 1320, 1331 (N.D. Ga. 2018) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). "By definition, an injunction provides relief from *future* wrongful conduct: the remedy by injunction is to prevent, prohibit or protect from future wrongs and does not afford a remedy for what is past." Catrett v. Landmark Dodge, Inc., 560 S.E.2d 101, 106 (Ga. Ct. App. 2002) (cleaned up). "[I]njunctive relief is the only remedy permitted by the

UDTPA." Id.; Collins v. Athens Orthopedic Clinic, 849 S.E.2d 213, 217 (Ga. Ct. App. 2020).

Defendants contend that Plaintiffs cannot recover under the UDTPA because they have failed to show both a risk of future harm and the inadequacy of legal remedies.[6] Dkt. No. [44-1] at 23–25. Plaintiffs respond that they have established a likelihood of future harm because they allege that data breaches will happen again and that Plaintiffs *will continue to pay fees* for inadequate protections. Dkt. No. [45] at 29. In other words, Plaintiffs do not address Defendant's argument that Plaintiffs have an adequate legal remedy, and in fact, point exclusively to monetary harms. Therefore, even accepting Plaintiffs' allegation that future data breaches are likely, Plaintiffs have failed to show that they have suffered, and would suffer, any injuries that could not be compensated with monetary damages.[7] When a remedy at law is available, injunctive relief is not appropriate. See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City

---

[6] Defendants also state in a footnote that MTSA Section 11.2 bars Plaintiffs' UDTPA claim because the waiver disclaims liability for all claims, not only claims for damages. Dkt. No. [44-1] at 25 n.11. Plaintiffs do not address that argument, and Defendants do not expand on that assertion. Without clearer briefing from the parties on that point, the Court considers Plaintiffs' UDTPA claim on the merits.

[7] Although Plaintiffs do not raise this issue in their Response to Defendant's Motion to Dismiss, Plaintiffs' Complaint alleges that injunctive relief is appropriate because it would be difficult to quantify Plaintiffs' injuries if another breach occurs. Dkt. No. [43] ¶ 271. Such a speculative allegation is not sufficient to show that there is no adequate remedy at law when Plaintiffs' sole UDTPA argument concerns paying fees for Defendants' online services.

16

of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies."); B.S.T. AG Sols., Inc. v. PWB AG Consulting, LLC, No. 1:15-cv-88, 2015 WL 4067569, at *7 (M.D. Ga. July 2, 2015); Friedlander v. HMS-PEP Prods., Inc., 485 S.E.2d 240, 241–42 (Ga. Ct. App. 1997). Because Plaintiffs have failed to show that monetary remedies would be insufficient—as required for injunctive relief—Plaintiffs have failed to state a claim under the UDTPA. Count III is **DISMISSED**.

### D. Unjust Enrichment

Next, Plaintiffs plead an unjust enrichment claim in the alternative to their breach of contract claims. Dkt. No. [43] ¶¶ 274–83. Plaintiffs assert that they paid Defendants fees to use the Reservation System, so in exchange, Defendants should have adequately protected the system from cyberattacks. Id. Defendants move to dismiss this claim, arguing that unjust enrichment is not available because the parties have a valid contract. Dkt. No. [44-1] at 25–26. The Court agrees with Defendants.

"The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." Cochran v. Ogletree, 536 S.E.2d 194, 196 (Ga. Ct. App. 2000). Although Plaintiffs plead unjust enrichment in the alternative to their breach of contract claims, Plaintiffs cannot sustain an unjust enrichment claim because valid contracts govern the parties' dispute. Fed. Ins. Co. v. Westside Supply Co., 590 S.E.2d 224, 232 (Ga. Ct. App. 2003) ("Recovery under

these theories [of unjust enrichment and implied contract] presupposes the absence of a contractual agreement."). Plaintiffs never challenge the validity of their contracts with Defendants, and the Court finds those contracts applicable to this action.

Plaintiffs' only argument on this point is that Defendants owe them restitution for extracontractual benefits conferred on Defendants. Dkt. No. [45] at 30. Plaintiffs' examples of restitution include employee time spent on issues caused by the breach and loss of consumer good will. Id. Both of these examples caused losses to Plaintiffs, but they do not appear to have conferred any benefit to Defendants.[8] Plaintiffs also cite several cases for the proposition that a direct payment is not required for unjust enrichment; an indirect benefit is enough. Id. But Plaintiffs have not shown any extracontractual benefit conferred on Defendants. Thus, Plaintiffs have not adequately stated a claim for unjust enrichment, so Count VIII is **DISMISSED**.

**E. Derivative Claims**

Finally, Plaintiffs bring two derivative counts, seeking attorney's fees and declaratory and injunctive relief. Without any remaining substantive claims for relief, these derivative claims fail. See J. Andrew Lunsford Props., LLC v. Davis,

---

[8] Although not explained in their brief, Plaintiffs' "loss of good will" argument likely refers to Plaintiffs' allegation that Defendants impose monetary penalties on Plaintiffs for low scores from guests. Dkt. No. [43] ¶ 282. Those penalties are also contractual and thus not recoverable on an unjust enrichment theory. See Dkt. No. [18-1] at 54.

18

572 S.E.2d 682, 685 (Ga. Ct. App. 2002). Therefore, Counts VI and VII are **DISMISSED**.

## IV. CONCLUSION

In accordance with the foregoing, Defendants' Motion to Dismiss [44] is **GRANTED**. Plaintiffs' Second Amended Complaint [43] is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED** this 31st day of July, 2024.

_____
**Leigh Martin May**
**United States District Judge**